## Green *v.* Sprinkle, Appellant.

*Negligence—Automobiles—Collision—Case for jury.*

In an action of trespass to recover damages for injuries to an automobile sustained in a collision with another motor car the case is for the jury and a verdict for plaintiff will be sustained, where evidence is produced that the accident took place near the intersection of two streets and that the defendant, although he saw the plaintiff's car coming thought he could cross in front of plaintiff's car without collision.

444 GREEN *v.* SPRINKLE, Appellant.

Statement of Facts—Opinion of the Court. [75 Pa. Superior Ct.

Argued October 21, 1920. Appeal, No. 206, Oct. T., 1920, by defendant from judgment of the Municipal Court of Philadelphia, Oct. T., 1919, No. 473, on verdict for plaintiff in the case of P. J. Green v. John W. Sprinkle. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $480.65, and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of the court to direct a verdict for the defendant.

*John A. Becker,* for appellant, cited: Anderson v. Wood, 264 Pa. 98; Simon v. Lit Bros., Inc., 264 Pa. 121; Bell v. Jacobs, 261 Pa. 204.

*Ralph O. Hall,* for appellee.

OPINION BY LINN, J., March 5, 1921:

The only complaint is that the learned court below refused defendant's request for binding instructions. Plaintiff recovered a verdict for damage to his automobile sustained in collision with defendant's automobile on Broad street at a point about 100 feet north of Berks street. Plaintiff's car was being driven north on the east side of Broad street; the driver reduced his speed in crossing Berks street and while doing so he saw defendant's car standing on the east side of the street at the curb probably a hundred feet ahead of him. The driver said he "kept on going, for the simple reason that Mr. Sprinkle was looking at his gears and not turning his head or holding his hand out or anything else"; he added: "before I saw anything, Mr. Sprinkle's car [a

Mercer car of high power] darted out in front of me."
His car struck defendant's "between the front and back
seats."

Defendant testified that he drove up Broad street in-
tending to turn westward at Berks street. He looked
down Broad street to see whether "there were any cars
in front of me" when "the closest car to me seemed to be
about 200 or 250" feet away; it was plaintiff's car. De-
fendant says he then began to turn westward from about
the center of Berks street "to go around the pole" in
Broad street "about fifteen feet" north of Berks, but gave
no signal indicating that intention. He said he "started
to speed the car up" to "make the turn around and get
out of this car's way, but I had looked again and this
man seemed to be right on to me, and I speeded up, and
just began turning the wheels in a southwesterly direc-
tion when he bumped into me." He also testified as fol-
lows: "Q. You saw a car coming, and in order to avoid
a collision you started your car faster?......A. Yes.
Q. Why didn't you stop your car when you saw a car
coming? A. Why didn't I stop my car when I saw a car
coming? He had an opportunity to stop his car."

If the evidence for plaintiff be accepted, he was prob-
ably not negligent and defendant was; if defendant's ac-
count be accepted, plaintiff's contributory negligence
would seem clear. The verdict for plaintiff indicates
that the jury credited plaintiff's and not defendant's ac-
count of the occurrence. We may not deprive him of the
effect of that determination.

The alleged misconduct of the court-officer is not be-
fore us. Nothing in relation to it would have justified
the court in directing a verdict for defendant.

The judgment is affirmed.